**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SCOTT WAGNER,**

     **Plaintiff,**

**v.**                             **Case No:**

**CARSON SMITHFIELD, LLC,**
**and NATIONWIDE BANK**,

                                   **DEMAND FOR JURY TRIAL**

     **Defendants.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

     **COMES NOW**, Plaintiff, **SCOTT WAGNER** ("Mr. Wagner" or "Plaintiff"), by

and through the undersigned counsel, and hereby sues and files this Complaint and

Demand for Jury Trial with Injunctive Relief Sought against Defendant**s, CARSON**

**SMITHFIELD, LLC** ("Debt Collector") and **NATIONWIDE BANK** ("Debt Owner")

(collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

     1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined

by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt

by (a.) misrepresenting that Mr. Wagner owed the Debt when Defendants knew that it

was uncollectible because it had been included in Mr. Wager's bankruptcy case, and (b.)

by directly communicating with Mr. Wager when Defendants knew that Mr. Wagner was

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **1** of 14

represented by an attorney with respect to the Debt and had Mr. Wagner's attorney's name and contact information.

### *Jurisdiction and Venue*

2.     This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.     Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.     Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5.     Plaintiff, Mr. Wagner, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.     At all times material hereto, Debt Collector was and is a foreign limited liability company with its principle place of business in the State of New York and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, Florida 33324.

7.     Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **2** of **14**

8.      At all times material hereto, Debt Owner was and is an active bank with its headquarters located at One Nationwide Plaza, 1-14-401, Columbus, Ohio 43215.

9.      At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Wagner's alleged debt.

10.     At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Wagner's alleged debt for Debt Owner.

11.     As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

12.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Wagner's information.

13.     Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Wagner's information into Debt Owner's sales or customer systems.

14.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

15.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter for Debt Collector to use when contacting Mr. Wagner.

16.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA and FCCPA violations when communicating with Mr. Wagner.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **3** of **14**

17.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Wagner's debt on behalf of Debt Owner.

### *Statements of Fact*

18.     In or around October of 2016, Mr. Wagner opened a credit card account with Debt Owner for personal purchases ("Account").

19.     Debt Owner assigned Mr. Wagner's Account a unique account number ending in 4710.

20.     Mr. Wagner thereafter encountered financial difficulties and fell behind on his monthly payments towards the Account, incurring an outstanding balance owed thereunder ("Debt").

21.     On May 25, 2018, Mr. Wagner filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Middle District of Florida; see Case No. 8:18-bk-04330-MGW ("Bankruptcy Case").

22.     Mr. Wagner included the Account and the underlying Debt in his Bankruptcy Case.

23.     On May 31, 2018, the Bankruptcy Noticing Center sent the Notice of Commencement of Case, Section 341 Meeting of Creditors, and Fixing Deadlines ("Notice") via first class mail to Debt Owner's preferred mailing address identified in its Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed. R. Bank. P. 2002(g)(4). *See* **Exhibit "A."**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **4** of 14

24.     The Notice included Mr. Wagner's Bankruptcy Case attorney's name and contact information. *See* **Exhibit "A."**

25.     Despite receipt of the Notice informing Debt Owner that the Debt was included in Mr. Wagner's Bankruptcy Case and including Mr. Wagner's attorney's name and contact information, Debt Owner then transferred or assigned the Debt to Debt Collector for collection purposes.

26.     On June 27, 2018, Debt Collector sent a collection letter directly to Mr. Wagner in attempts to collect the Debt on behalf of Debt Owner ("Collection Letter"). *See* **Exhibit "B."**

27.     Debt Collector's Collection Letter was individually addressed to Mr. Wagner, identified the Account by the full account number, identified the current creditor as Debt Owner, included the balance due of $3,618.38, and proposed a "settlement offer" of $1,628.27 with an acceptance deadline of August 15, 2018. *See* **Exhibit "B."**

28.     Debt Collector's Collection Letter included three payment options – (a.) visiting Debt Collector at www.solvethatdebt.com, (b.) calling Debt Collector at 1-877-394-5975, or (c.) by mail to Debt Collector using the voucher at the bottom of the Collection Letter. *See* **Exhibit "B."**

29.     Debt Collector's Collection Letter closes with "[t]his is an attempt to collect a debt. Any information will be used for that purpose. This communication is from a debt collector." *See* **Exhibit "B."**

30.     Debt Collector's Collection Letter was sent to Mr. Wagner for debt collection purposes in connection with the collection of the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page 5 of 14

31.     At all times relevant hereto, Debt Owner had actual knowledge that Mr. Wagner was and is the Debtor in a Chapter 7 Bankruptcy Case.

32.     Under information and belief, Debt Owner told Debt Collector of this fact when Debt Owner transferred or assigned the Debt to Debt Collector for collection purposes.

33.     At all times relevant hereto, Debt Collector had actual knowledge that Mr. Wagner was and is a Debtor in a Chapter 7 Bankruptcy Case.

34.     At all times relevant hereto, Debt Owner had actual knowledge that Mr. Wager was and is represented by counsel with respect to the Debt.

35.     Under information and belief, Debt Owner told Debt Collector of this fact when Debt Owner transferred or assigned the Debt to Debt Collector for collection purposes.

36.     At all times relevant hereto, Debt Collector had actual knowledge that Mr. Wager was and is represented by counsel with respect to the Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)*

37.     Mr. Wagner re-alleges paragraphs 1-36 and incorporates the same herein by reference.

38.     Mr. Wagner is a "consumer" within the meaning of the FDCPA.

39.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

40.     Debt Collector is a "debt collector" within the meaning of the FDCPA.

41.     Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **6** of 14

a. Debt Collector violated 15 U.S.C. § 1692c(a) by contacting Mr. Wagner after the Debt Collector knew that Mr. Wagner was represented by an attorney with respect to the Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

b. Debt Collector violated 15 U.S.C. § 1692d (2) and/or 15 U.S.C. § 1692f (1) by attempting to collect on a debt and/or amounts known to be illegitimate.

42.     As a result of the above violations of the FDCPA, Mr. Wagner has been subjected to illegal collection activities for which he has been damaged.

43.     Debt Collector's actions have damaged Mr. Wagner by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Wagner is represented by counsel with respect to the Debt.

44.     Debt Collector's actions have damaged Mr. Wagner by violating the Bankruptcy Case automatic stay that required Debt Collector to cease collection activity regarding the Debt.

45.     Debt Collector's actions have damaged Mr. Wagner by invading his privacy.

46.     Debt Collector's actions have damaged Mr. Wagner by causing him embarrassment.

47.     Debt Collector's actions have damaged Mr. Wagner by causing him stress.

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **7** of **14**

48.     Debt Collector's actions have damaged Mr. Wagner by causing him aggravation.

49.     It has been necessary for Mr. Wagner to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

50.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.  Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b.  Awarding actual damages;

    c.  Awarding costs and attorneys' fees; and

    d.  Any other and further relief as this Court deems just and equitable under the premise.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)*

51.     Mr. Wagner re-alleges paragraphs 1-36 and incorporates the same herein by reference.

52.     Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.  Debt Collector violated Fla. Stat. § 559.72(7) by misrepresenting that Mr. Wagner still owed the Debt, the reasonable consequence of which is to harass Mr. Wagner.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **8** of 14

b.   Debt Collector violated Fla. Stat. § 559.72(9) by attempting to collect the Debt despite knowing that the Debt was uncollectible by virtue of the Bankruptcy Case automatic stay.

c.   Debt Collector violated Fla. Stat. § 559.72(18) by contacting Mr. Wagner after Debt Collector knew that Mr. Wagner was represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address.

53.   As a result of the above violations of the FCCPA, Mr. Wagner has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

54.   Debt Collector's actions have damaged Mr. Wagner by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Wagner is represented by counsel with respect to the Debt.

55.   Debt Collector's actions have damaged Mr. Wagner by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Wagner is represented by counsel with respect to the Debt.

56.   Debt Collector's actions have damaged Mr. Wagner by violating the Bankruptcy Case automatic stay that required Debt Collector to cease collection activity regarding the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **9** of **14**

57.     Debt Collector's actions have damaged Mr. Wagner by invading his privacy.

58.     Debt Collector's actions have damaged Mr. Wagner by causing him embarrassment.

59.     Debt Collector's actions have damaged Mr. Wagner by causing him stress.

60.     Debt Collector's actions have damaged Mr. Wagner by causing him aggravation.

61.     It has been necessary for Mr. Wagner to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

62.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems just and equitable under the premise.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page 10 of 14

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

63.     Plaintiff re-alleges paragraphs 1-36 and incorporates the same herein by reference.

64.     Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

    a.  Debt Owner violated Fla. Stat. § 559.72(7) by transferring or assigning the Debt to Debt Collector after Debt Owner knew that the Account and Debt was included in Mr. Wagner's Bankruptcy Case, the reasonable consequence of which is to harass Mr. Wagner.

    b.  Debt Owner violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible when it transferred or assigned the Debt to Debt Collector after Debt Owner knew that the Account and the Debt was included in Mr. Wagner's Bankruptcy Case, which rendered it uncollectible.

65.     At all times relevant hereto, Debt Owner was also vicariously liable for the actions of Debt Collector.

66.     Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **11** of 14

a. Debt Collector violated Fla. Stat. § 559.72(7) by misrepresenting that Mr. Wagner still owed the Debt, the reasonable consequence of which is to harass Mr. Wagner.

b. Debt Collector violated Fla. Stat. § 559.72(9) by attempting to collect the Debt despite knowing that the Debt was uncollectible by virtue of the Bankruptcy Case automatic stay.

c. Debt Collector violated Fla. Stat. § 559.72(18) by contacting Mr. Wagner after Debt Collector knew that Mr. Wagner was represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address.

67. As a result of the above violations of the FCCPA, Mr. Wagner has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

68. Defendants' actions have damaged Mr. Wagner by violating his right to not be contacted directly regarding the Debt when Defendants had actual knowledge that Mr. Wagner is represented by counsel with respect to the Debt.

69. Defendants' actions have damaged Mr. Wagner by violating his right to not be contacted directly regarding the Debt when Defendants had actual knowledge that Mr. Wagner is represented by counsel with respect to the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **12** of 14

70.     Defendants' actions have damaged Mr. Wagner by violating the Bankruptcy Case automatic stay that required Defendants to cease collection activity regarding the Debt.

71.     Defendants' actions have damaged Mr. Wagner by invading his privacy.

72.     Defendants' actions have damaged Mr. Wagner by causing him embarrassment.

73.     Defendants' actions have damaged Mr. Wagner by causing him stress.

74.     Defendants' actions have damaged Mr. Wagner by causing him aggravation.

75.     It has been necessary for Mr. Wagner to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

76.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees;

e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

f.   Any other and further relief as this Court deems just and equitable under the premise.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page 13 of 14

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, Scott Wagner, demands a trial by jury on all issues so triable.

Respectfully submitted this **September 24, 2018**,

<div style="margin-left: 40%;">

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

</div>

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Wagner v. Carson Smithfield, LLC and Nationwide Bank*
Page **14** of 14